**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VANDA PHARMACEUTICALS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Case No. 24-cv-2514 (APM) |
| | ) |
| FOOD AND DRUG ADMINISTRATION, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**<u>MEMORANDUM OPINION</u>**

**I.**

In September 2023, Plaintiff Vanda Pharmaceuticals, Inc. ("Vanda") submitted a new drug application (NDA) to Defendant Food and Drug Administration (FDA) seeking approval of its drug tradipitant to treat gastroparesis symptoms in adults.  Compl., ECF No. 1, ¶¶ 25–26.  Nearly a year later, in August 2024, Vanda learned that FDA had named Dr. Kathaleen Donohue as the "signatory authority" for its NDA.  *Id.* ¶ 28.  That designation meant that Dr. Donohue would be the FDA employee who would decide whether to approve Vanda's NDA or issue a complete response letter (CRL), which would afford Vanda the opportunity to provide additional information before the agency made a final decision.  *Id.* ¶¶ 20, 28.  Vanda believed, however, that Dr. Donohue lacked the authority to make that determination.  *Id.* ¶ 38.  According to Vanda, Dr. Donohue was not qualified to make a binding agency decision primarily because she had not been properly appointed as an inferior officer consistent with the Appointments Clause.  *Id.* ¶¶ 37–42.

Vanda filed this suit and sought preliminary injunctive relief to halt Dr. Donohue's review of the NDA.  *Vanda Pharms. Inc. v. Food & Drug Admin.*, No. 24-cv-2514 (APM), 2024 WL

4263868, at *1 (D.D.C. Sept. 18, 2024). In response, FDA identified Dr. Donohue's superior, Dr. Nikolay Nikolov, as an alternative or additional signatory authority. *Id.* at *3. The agency claimed that Dr. Nikolov was an inferior officer properly appointed by the Secretary of Health and Human Services (HHS), thereby obviating any Appointments Clause issue. *Id.* The court denied Vanda's request for preliminary injunctive relief, finding that it had not established irreparable harm. *See id.* at *2–3. The court also held that Vanda had not shown a likelihood of success on the merits. Contrary to Vanda's position, the court concluded that Congress had vested the Secretary of HHS with the power to appoint inferior officers at FDA, including Dr. Nikolov, consistent with the Appointments Clause. *Id.* at *3–5. On September 18, 2024, FDA issued a CRL, signed by both Dr. Donohue and Dr. Nikolov, declining to approve Vanda's NDA. Suppl. Compl., ECF No. 26, ¶ 27.

Subsequent events changed the trajectory of this case. On January 16, 2025, FDA issued Vanda a Notice of Opportunity for a Hearing, indicating that FDA intended to issue an order refusing Vanda's NDA. *Proposal to Refuse to Approve a New Drug Application for TRADIPITANT*; *Opportunity for a Hearing*, 90 Fed. Reg. 4748 (Jan. 16, 2025). The Notice was signed by the Director of the Center for Drug Evaluation and Research, Dr. Patrizia Cavazzoni. *Id.* at 4750. Vanda then provided notice that it would participate in the process, and in March 2025, it provided "documentation and analysis in support of a request for summary judgment, or, alternatively, a hearing." *See* Defs.' Suggestion of Mootness, ECF No. 45; Proceeding on the Proposal to Refuse to Approve a New Drug Application for Tradipitant, Agency Decision, ECF No. 45-1 [hereinafter Final Order], at 8.

A year later, on March 13, 2026, FDA issued a final order, signed by Principal Deputy Commissioner, Dr. Sara Brenner, refusing a hearing because Vanda "ha[d] failed to raise a genuine

2

and substantial issue of fact with respect to the approvability of [its NDA]." *Id.* at 33–34. As part of its final order, FDA rejected Vanda's twin contentions that "NDA approval decisions must be evaluated and signed by the Commissioner" and that the agency personnel who issued the CRL lacked the authority to do so under the Appointments Clause. *Id.* at 30–32. It concluded the same as to Dr. Brenner's signing of the final order. *Id.*

Within a week, Vanda filed a petition in the D.C. Circuit seeking review of the refusal of its NDA. *See Vanda Pharms. Inc. v. FDA*, No. 26-1064 (D.C. Cir.) [hereinafter *Vanda Pharms.* Docket]. In its opening brief, Vanda raised a challenge under the Appointments Clause. Pet'r's Opening Br., *Vanda Pharms.* Docket, ECF. No. 2181999, at 21. Though directed primarily at Dr. Brenner's authority to reject the NDA, the underlying argument mirrors the one made in this case. *Id.* at 57–62. Namely, Vanda argued that no statute or reorganization plan authorizes the Secretary of HHS to appoint an inferior officer at FDA. *Id.*

## II.

The parties' dispositive cross-motions, which became ripe in March 2025, are now before the court. Vanda's Mot. for Summ. J., ECF No. 28; Defs.' Cross-Mot. to Dismiss, ECF No. 30; Defs.' Cross-Mot. for Summ. J., ECF No. 31. Though this court arguably had jurisdiction to resolve the parties' dispute at first, it no longer does.

Under the Food, Drug, and Cosmetic Act, an FDA order "refusing or withdrawing approval of" a drug application is directly reviewable by courts of appeals. 21 U.S.C. § 355(h). "Upon the filing of such petition such court shall have exclusive jurisdiction to affirm or set aside such order . . ." *Id.* Put differently, district courts are explicitly stripped of their jurisdiction to review an FDA order refusing or withdrawing an application upon the filing of a petition challenging the order. *Cf. Bohon v. FERC*, 92 F.4th 1121, 1122 (D.C. Cir. 2024) (making the same observation

about an exclusive jurisdiction statute for review of FERC orders). Thus, Vanda's filing of a petition in the D.C. Circuit foreclosed any review in this court of FDA's refusal of Vanda's NDA.

The petition's filing also divests this court of jurisdiction to hear Vanda's pending Appointments Clause challenge. That is because, as a matter of "general administrative-law principles," "an agency's subsidiary decisions merge into the final agency action, which is then subject to review." *Mullin v. Doe*, Nos. 25-1083 & 25-1084, 2026 WL 1825840, at *10 (U.S. June 25, 2026). "If the final agency action is unreviewable, then so too are subsidiary determinations." *Id.* Applied here, that means FDA's "subsidiary determination[]" to issue a CRL "merge[d]" into its final decision refusing the NDA. Because the latter decision is not reviewable in this court, neither is the "subsidiary" decision to issue a CRL. This court therefore lacks jurisdiction to hear Vanda's Appointments Clause challenge.

At the oral hearing on the motions, Vanda argued that merger principles were inapplicable here because its challenge is to the process that led to the NDA's refusal and favorable relief would ensure that properly appointed officials would review any future drug applications Vanda might submit. But that is a distinction without a difference, at least in this case. Vanda has raised the same Appointments Clause arguments made here in the D.C. Circuit. A favorable ruling on that question would have precedential effect, rendering this court's relief inconsequential. *See* Suppl. Compl. at 19 (seeking as relief a declaration that "FDA's grant of authority to Dr. Donohue, Dr. Nikolov, or any other non-officer as signatory authority over Vanda's NDA is unconstitutional under the Appointments Clause"). In such circumstances, applying merger principles to divest this court of jurisdiction is appropriate.[1]

---

[1] Because the court finds it lacks statutory jurisdiction, it need not address FDA's mootness argument. *See State of New York v. Trump*, No. 23-5103, 2026 WL 2023744, at *2 n.2 (D.C. Cir. July 14, 2026).

**III.**

For the foregoing reasons, the court grants Defendants' Cross-Motion to Dismiss, ECF No. 30, denies its Cross-Motion for Summary Judgment, ECF No. 31, as moot, and denies Vanda's Motion for Summary Judgment, ECF No. 28.

A final, appealable order accompanies this Memorandum Opinion.

Dated:  July 17, 2026

Amit P. Mehta
United States District Judge